## WHALEN VS. THE CITY OF LA CROSSE.

Where W. did grading on the streets of the city of La Crosse, under a contract with it, by which payment was to be made therefor according to the provisions of its charter, by which certificates were to be issued for such work, showing the amount chargable to the proper lots respectively, which amounts were to be assessed upon and be collectible out of such lots as taxes for the benefit of the holder of the certificates; and the work performed became a valid charge upon the lots. *Held.* 1, That if the certificates had been issued to the contractor, he had only such rights as they conferred, and could not maintain an action against the city for the money, but must cause it to be collected as taxes against the lots, in the manner pointed out in the charter.

2, If the proper officers neglect in such a case to deliver the certificates according to the charter and the contract, the claim is not thereby turned into a money demand against the city, but the remedy of the contractor is by *mandamus* to compel their delivery.

APPEAL from the Circuit Court for *La Crosse* County.

This was an appeal from an order of the circuit court sustaining a demurrer to the plaintiff's complaint, and the facts necessary to a proper understanding of the opinion of the court are stated therein.

*E. Fox Cook*, for appellant, cited *Cuyler vs. Trustees of Rochester*, 12 Wend., 165; *City of St. Paul vs. Seitz*, 3 Minn., 297; *Cumming vs. The Mayor*, &c., 11 Paige, 596; *Manice vs. The Mayor*, 4 Seld., 120; *Wetmore vs. Campbell*, 2 Sanf. S. C., 341; 18 N. Y., 442; 19 N. Y., 326.

*J. W. Losey & J. C. Hopkins*, for respondent.

The city charter does not give a right of action against the city for grading done by a contractor, but the holder of the certificates, if the same are not paid, depends upon the city for their collection, through the same means that other taxes on real estate are collected by the city, Private laws 1856, chap. 134, (charter of La Crosse,) chap. 8, sec. 6; 23 Wend., 458; 4 Denio, 520; 24 Barb., 427, 432.

*By the Court*, PAINE, J. The plaintiff in this action seeks to recover from the *City of La Crosse* his pay in money, for certain work done by him in grading streets, under a contract

with the street commissioners. The contract is set out in the complaint, and expressly provides that the plaintiff was to be paid in the manner prescribed in the charter of the city. The charter provides that in all such cases, the party having completed the work, shall be entitled to street commissioners certificates, showing the amounts chargeable to the proper lots respectively, which amounts should be collectible out of such lots as taxes; which is the usual manner of paying for such work provided in the charters of cities in this state. Pr. Laws of 1856, chap. 134, subdivision 6, sec. 8.

The complaint, after averring the making of the contract, and performance by the plaintiff, avers that the defendant refused to pay him, and "falsely and fraudulently" pretended that "certain so-called grade certificates, which were issued by the aldermen of the aforesaid ward," &c., were issued and delivered to him, and received by him in payment under the contract. By a fair construction of the allegations of the complaint upon this point, it must be held to admit that the commissioner's certificates were, in fact, issued and delivered to him, and to deny only that they were received in payment. But even, if it should be held to deny that they were issued at all, the result is the same. The complaint still fails to state facts sufficient to constitute a cause of action. For there can be no doubt that the provision of the charter before referred to, contemplates that the certificates are to be delivered and received as payment. If they have been delivered, the holder can sustain no action against the city for the money, but must cause it to be collected in the manner pointed out, as taxes against the lots. If the proper officers neglect to deliver the certificates as required by the charter and the contract, this does not turn the claim into a money demand against the city, but the remedy is to compel a delivery of the certificates of *mandamus.* These remarks apply, of course, to cases only where the officers had authority to contract for the work done, so that it became a valid charge against the lots. For such

must be held to have been the case here, upon the allegations of this complaint. It expressly avers that the aldermen were empowered to make the contract under which the work was done.

Yet it was suggested upon the argument, that the real difficulty was, that there was some defect in the proceedings, by which the certificates, if issued, would be invalidated, so that they would create no charge upon the lots. If this were so, of course the officers could not be compelled to issue them. And it was urged that where a contract was thus made by street commissioners, for work which was within the scope of their general authority, but which was invalid by reason of some defect in complying with conditions precedent to the making of such contract, still the city should be liable to pay for the value of the work in money. Whether this is so or not, we shall not determine, as the complaint presents no such question. Upon its allegations, it must be assumed that this was a valid contract, making the work done legally chargable to the lots, and leaving the contractor entitled only to the certificates, and such rights as they conferred.

The order sustaining the demurrer is affirmed, with costs, and the cause remanded for further proceedings.