ISAAC B. TOBEY *vs.* ISAAC W. HAKES, JR.

Hartford District, Oct. T., 1886.    PARK, C. J., CARPENTER, PARDEE,
Loomis and Granger, Js.

The writ of mandamus will not be issued to compel the secretary of a
    private corporation to allow a stockholder to transfer his stock on the
    books of the corporation.
And as a general rule it will not be issued where the applicant has other
    adequate remedies.

[Argued October 7th—decided December 6th, 1886.]

APPLICATION for a writ of mandamus to compel the de-

fendant, as secretary of a private corporation, to allow the plaintiff to make a transfer of stock of the corporation on its books and to issue a certificate therefor; brought to the Superior Court in Hartford County. The defendant demurred to the application, and the court, (*Andrews, J.,*) sustained the demurrer and dismissed the application. The plaintiff appealed.

*H. E. Pardee*, for the appellant.

*T. M. Maltbie*, for the defendant.

CARPENTER, J. This is an application for a mandamus to compel the secretary of the Utica Cement Manufacturing Company, a private corporation, to allow the plaintiff to transfer stock on the books of the company to a purchaser, and to issue a certificate therefor. The Superior Court denied the application, and the plaintiff appealed.

Regularly the writ of mandamus lies against a public officer to compel the performance of a public duty. *American Asylum* v. *Phœnix Bank*, 4 Conn., 172. HOSMER, C. J., says in that case:—"It never lies to restore to a private office or to execute a private right." It being a prerogative writ there can be no doubt that at common law it was thus limited. In *Fuller* v. *Plainfield Academic School*, 6 Conn., 532, the writ was held to lie against an incorporated school—"a corporation established by the supreme power of the state for public and beneficial purposes." The question we are now considering was not made in that case. It was claimed that the defendant was an eleemosynary corporation of private endowment, and that the court had no power to review the action of the trustees. But it was held that, being a corporation with a special charter from the General Assembly, it was controllable by the laws of the land, to be administered by competent tribunals. It seems to have been tacitly conceded that the object of the corporation was for the public good, and that the office of trustee was of a public nature. In *Duane* v. *McDonald*, 41 Conn.,

517, this court said :—" We see no necessity for extending the common law remedy of mandamus beyond its original and well established limits." In *Parrott* v. *City of Bridgeport*, 44 Conn., 180, it again said :—" But the writ of mandamus has never been considered as an appropriate remedy for the enforcement of contract rights of a private and personal nature, and obligations which rest wholly upon contract and which involve no questions of public trust or official duty."

This suit is against a private corporation, and its object is to enforce a mere private right. It is in no sense a proceeding to enforce the performance of a public duty. We have no precedent in this state for allowing this writ to compel the transfer of stock in a private corporation, and the authorities elsewhere are against it. *Cushman* v. *Thayer Manuf. Co.*, 76 N. York, 365 ; *Town* v. *Nichols*, 73 Maine, 515 ; *State* v. *People's Building Association*, 43 N. Jersey Law, 389 ; *Bank* v. *Harrison*, 66 Geo., 696.

There is another ground on which the writ was properly refused. It is familiar law that the writ will not ordinarily issue if the plaintiff has other remedies. If the corporation improperly refuses to transfer the stock it is clearly liable for the damages in an action at law. If that remedy is not adequate, or if for any reason he is entitled to the specific stock purchased, a court of equity will entertain jurisdiction and grant relief.

There is no error in the judgment complained of.

In this opinion the other judges concurred.