BRIGHT, APPELLANT, v. THE FARMERS' HIGHLINE CANAL & RESERVOIR COMPANY ET AL., APPELLEES.

1. MANDAMUS.

Mandamus is a purely legal, civil proceeding,—no element of equity or application of equitable law is or can be involved.

2. SAME.

The writ of mandamus runs to an inferior tribunal, board, corporation

or person to compel the performance of an act which the law
specially enjoins as a duty resulting from an office, trust or station.

3. SAME.

The right to the writ must be clear and unquestionable and the per-
formance of the duty specifically imposed.  It does not lie to en-
force private contracts.

4. JURISDICTION—MANDAMUS—EQUITY.

The court below was without jurisdiction in an application for manda-
mus, to hear and determine the equities between the petitioner and
an intervenor, even by request and agreement of the parties.

*Appeal from the District Court of Jefferson County.*

AN application for a mandamus brought by the appellant
as petitioner against The Farmers' Highline Canal & Reser-
voir Company, as respondent, to compel it to sell and deliver
to the petitioner seventy inches of water from the ditch, to
be by him used in irrigating an eighty-acre tract of land
occupied as a farm.  It appears that petitioner commenced
to occupy the land in 1872.  In 1873, he purchased from
the original company, owning and operating the same ditch,
seventy-five inches of water, and annually purchased the
same quantity until 1882, when he voluntarily reduced the
quantity to seventy inches, which he continued to purchase
annually until 1889.  From 1885 to 1889, inclusive, he was
farming upon a portion of sec. 36, school land, which he had
bought.  This land, as well as the home eighty acres, was irri-
gated by the same water—seventy inches—part being used
on each tract.  Some time in 1888, petitioner advertised the
land on the school section for sale, and in such advertisement
occurs the following :—" Two-thirds under ditch, water right,
besides living water."  The only water right was that part
of the seventy inches used by the petitioner.  An agent ap-
plied to the petitioner to get the sale of the land, and was in-
formed by the petitioner that thirty of the seventy inches
which he purchased, and to which he was entitled from the
ditch company, went with the land.  The negotiations result-
ed in a sale of the land.  The Hackberry Tree, Land and
Stock Company became the owner from the purchaser.  No
water, or right to purchase water, was conveyed.  The right
of the purchaser company resting upon the application of

of the purchaser company resting upon the application of the water by the grantor for five years to the land sold, and his parol statements in the advertisement, and to the agent who made the sale, that thirty inches of water went with it. In the ensuing spring, petitioner demanded from the respondent the entire seventy inches of water for use upon his original eighty acres, and tendered payment for it. The Hackberry Company demanded the thirty inches for use upon the land purchased. Appellant (petitioner) filed his suit for a mandamus to compel the sale to him of the entire quantity, relying upon his former use and alleged prescriptive right to the same. The respondent answered, denying some of the allegations in the petition, setting up the facts above stated, and the claim and demand of both parties to the water in controversy, and avowing its willingness to deliver the water to either when the legal right should be established. It denied the allegation in the petition that the entire seventy inches of water was necessary to irrigate the eighty acres of the petitioner, and alleged that forty inches was all that was necessary to properly irrigate it. The respondent further, by its answer, or in the nature of a cross complaint, asked :—" That the rights and priorities of the said petitioner and the said company in and to the said thirty inches of water, being a part of the seventy inches of water mentioned in the petition therein, may be heard, adjudged and determined, and that the said The Hackberry Tree, Land, Reservoir and Stock Company may be adjudged to be entitled to the same, and for such other further and different relief as may be just and proper, and for its costs."

On the 11th of November, 1891, The Hackberry Company applied to be made a party, and by the court was allowed to intervene and become a defendant. It filed an answer and cross complaint in its own behalf nearly identical with that of the respondent. The petitioner replied to the answers and cross complaints of the respective defendants. A trial was had to the court; a large amount of testimony was heard. The finding and judgment of the court was as follows :—

" Doth find for the intervening defendant as against the

plaintiff, and doth find that the said The Hackberry Tree, Land, Reservoir & Stock Company, intervening defendant, is entitled to receive from the defendant, The Farmers' Highline Canal and Reservoir Company, as against the plaintiff, the thirty inches of water for irrigation purposes, being a part of the seventy inches of water for which this action is brought, and which is claimed by the plaintiff herein ; and doth further find that the right to the same was sold and conveyed by said plaintiff to the intervening defendant, and that by his conduct the plaintiff is estopped from claiming the same as against the intervening defendant, and that the plaintiff is not entitled to the same or to demand or receive the same from the defendant, and doth order judgment to be entered accordingly.

" Wherefore it is ordered, adjudged and decreed, and the court doth order, adjudge and decree, that the plaintiff's petition herein be denied, and that as to the plaintiff the said defendant go hence without day, and do have and recover of and from the said plaintiff its costs in its behalf, laid out and expended, to be taxed, and do have execution therefor; to which finding and decision the plaintiff, by his counsel, duly excepted.

" And it is further ordered, adjudged and decreed, and the court doth further order, adjudge and decree, that the prayer of the intervening defendant be granted; and that the said intervening defendant is entitled, as against the plaintiff herein, to the right to ask, demand and receive of and from the defendant herein the thirty inches of water for irrigating purposes, and being a part of the seventy inches of water for which this action was brought; and the said plaintiff is not entitled to receive said thirty inches of water or any part thereof; and that the said intervening defendant do have and recover of and from the said plaintiff its costs in its behalf, laid out and expended, and do have execution therefor," from which an appeal was taken to this court.

Mr. E. KEELER and Mr. H. N. SALES, for appellant.

Mr. J. W. HORNER and Mr. J. E. ROBINSON, for appellees.

REED, J., delivered the opinion of the court.

The proceeding was an application for a mandamus to compel the defendant corporation to deliver to the petitioner seventy inches of water to irrigate his tract of eighty acres. His right to it is predicated upon prescription or a supposed statutory prescriptive right by reason of formerly having for a number of years purchased and received that quantity. To enforce this supposed right application was made for the writ. The action or proceeding appears to have been misunderstood by the court and counsel. The proceeding by mandamus is a purely legal, civil proceeding; no element of equity or application of equitable law is or can be involved. It is "directed to any person, corporation or inferior court of judicature * * * requiring them to do some particular thing, therein specified, *which pertains to their office or duty.*" 3 Blacks. Com. 110. "Is directed to some person, corporation or inferior court requiring them to do some particular thing therein specified, *which appertains to their office or duty, and which is supposed to be consonant with right and justice, and when there is no other adequate remedy at law.*" *Kendall v. United States*, 12 Pet. 524.

In *Rex v. Barker*, 3 Burr. 1265, Lord Mansfield said:— "Where there is a right to execute an office, perform a service or a function or exercise a franchise (more especially if it be a matter of public concern or attended with profit) and a person is kept out of possession or dispossessed of such right, and has no other specific, legal remedy, this court ought to assist by a mandamus upon reasons of justice, as the writ expresses, and upon reasons of public policy to preserve peace, order and good government."

The general statutory definition in the United States is: "*That the writ runs to an inferior tribunal, board, corporation or person to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or sta-*

·tion." See *Boggs v. C.' B. & Q. R. R.*, 54 Iowa, 435 ; *Fremont v. Crippen*, 10 Cal. 211 ; *State v. Gracey*, 11 Nev. 223.

"The writ only lies to enforce duties imposed by law, and neither stipulation nor the agreement of the parties can change the uses or the extent of the writ of mandamus." The legal right to the writ must be clear and unquestionable, and the performance of the duty specifically imposed. See *Freon v. Carriage Co.*, 42 Ohio St. 30 ; *People v. Green*, 64 N. Y. 499 ; *Mobile & O. R. R. v. Wisdom*, 5 Heisk. (Tenn.) 125.

It will not lie to enforce private contracts. *Benson v. Paull*, 6 Fl. & Bl. 273 ; *State v. Bridge Co.*, 20 Kans. 404 ; *People v. Dulany*, 96 Ill. 503 ; *Tobey v. Hakes*, 54 Conn. 274.

"It is considered to be a harsh remedy, and to be substituted for the ordinary process only in extraordinary cases." *State v. New Orleans R. Co.*, 42 La. An. 138.

The writ has always been kept within its own narrow limits, and the courts have universally been unwilling to extend its operation. *Blair v. Marye,* 80 Va. 485 ; *State v. Young*, 38 La. An. 923.

It will readily be seen that the respondent in its answer and what may be regarded as a cross complaint in setting up the supposed equitable rights of the Hackberry Company, and praying that it be decreed to be the owner of the water in controversy, exceeded the limits of the defense allowed by law, and that part should have been disregarded or stricken out. Nor could the court, even by request and agreement of parties, change an arbitrary legal proceeding brought to enforce a specific duty into a suit in equity, and adjudicate the equities between the petitioner and the intervenor. Such equities can only be adjusted by the proper proceeding instituted by one of the contending parties.

So far as the answer of the respondent, by the allegations contained, sets up facts showing it was not legally, nor in the performance of a specific duty, obliged to deliver the water, or in other words, in so far as it set up the facts to defeat the issuance of the writ, was proper, and the issues thus formed were competent to be tried. The evidence shows that

the petitioner formerly claimed and bought seventy-five inches of water for the eighty-acre tract; that he afterwards voluntarily reduced it to seventy inches; that for some years he took that quantity; that he then bought land on the school section, and applied water to that for five years. / These facts show, conclusively, when taken in connection with nearly all the testimony, that the water was not all needed for the eighty-acre tract, that forty inches was an adequate supply, as much as was sold by the respondent and used by other consumers, generally, in the vicinity. His supposed prescriptive right was neutralized or destroyed by his five years' application of the water to other lands. The most he could lawfully claim was an adequate supply. / The administration of a franchise like that of respondent requires absolute impartiality when there are no fixed legal priorities; hence, the court was warranted in finding that the petitioner had no fixed legal prior right to seventy inches of water; that for the entire neighborhood one half inch to the acre was deemed sufficient and was all adjoining landowners claimed or received, and that the further fact that he for five years applied the water successfully to his original farm and the school land was conclusive that it was in excess of his home needs. / The court was warranted, therefore, from the premises, in finding that the respondent was not legally compelled to furnish the amount of water demanded, and the petitioner was not entitled to the writ. That part of the finding must be affirmed. With such finding, on application for a writ of mandamus, the power of the court was exhausted. It was without jurisdiction to hear and determine the respective rights of petitioner and intervenor.

The balance of the finding and judgment wherein the intervenor is decreed entitled to the water as against the petitioner and respondent is reversed and held for naught, being in excess of the authority of the court.

The judgment denying the writ of mandamus is affirmed.

*Balance reversed..*