THE STATE EX REL. BUCHANAN, Appellant, vs. KELLOGG and others, Respondents.

*October 27 — November 16, 1897.*

*Appeal: Judge's certificate, when necessary.*

An appeal by the relator in a *mandamus* case from that part only of the judgment in his favor which awards a specified amount of costs, on the ground that they are inadequate, is not permissible without a certificate of the judge as required by sec. 1, ch. 215, Laws of 1895. A bill of exceptions certified to contain all the evidence will not supply its place.

APPEAL from a judgment of the county court of Winnebago county: C. D. CLEVELAND, Judge. *Appeal dismissed.*

The facts sufficiently appear in the opinion.

For the appellant there was a brief by *Sweet & Armington*, and oral argument by *B. E. Van Keuren*.

For the respondents there was a brief by *Eaton & Weed* and *John F. Kluwin*, and oral argument by *M. H. Eaton*.

PINNEY, J. This was an application for a writ of *mandamus* to compel the mayor and common council of Oshkosh

to revoke a license held by August Kargus for selling intoxicating liquor, and was before the court on a former appeal (95 Wis. 672), where the judgment of the county court of Winnebago county, in which the action was commenced, refusing to award a writ of *mandamus* and dismissing the relator's petition, was reversed, and the cause was remanded with directions to enter judgment in favor of the plaintiff, awarding a peremptory writ of *mandamus* as prayed.    Pursuant to such mandate, the county court entered judgment directing the issue of such peremptory writ, directing the revocation of the license in question, and for costs and disbursements in favor of the relator in the sum of $345.99. From the part of the judgment awarding said costs and disbursements the plaintiff appealed, claiming, as we understand, that a larger sum should have been awarded.    No judgment was given for any other sum.    There is a bill of exceptions, containing, as certified by the trial judge, "all the evidence given by the plaintiffs and the defendants upon the said trial, and each and every part thereof;" but as there is no judgment for any sum less than $100, exclusive of costs, and the appeal involves nothing but costs and no amount exclusive thereof, it is plain that the present appeal was not permissible, without a certificate of the trial judge, as provided by sec. 1, ch. 215, Laws of 1895.    *Dowling v. Lancashire Ins. Co., ante*, p. 50.

The bill of exceptions is wholly insufficient to serve the purposes of such certificate: First, it states the evidence only, and not the *ultimate* facts; and, second, it is not certified in any manner whatever by the trial judge that "the case necessarily involves the decision of some question or point of law of such doubt and difficulty as to require a decision of the same by the supreme court, or that it necessarily involves the construction or interpretation of some provision of the constitution of the United States, or of the

constitution of this state." *Dowling v. Lancashire Ins. Co.,* *supra,* and cases there cited. The appeal must therefore be dismissed.

*By the Court.*— It is so ordered.