MAY JENNINGS, RELATOR, v. THE SUPREME LODGE, ORDER OF SHEPHERDS OF BETHLEHEM.

Submitted June 29, 1901—Decided November 11, 1901.

A member of a benefit society who has been expelled from membership in the society by a tribunal not authorized by the constitution and by-laws of the order, and from whose decision no appeal is provided, is entitled to a writ of *mandamus* to reinstate her into membership.

On *mandamus* to restore relator to membership.

Before Justices VAN SYCKEL, FORT and GARRETSON.

For the relator, *Erwin E. Marshall* and *W. Holt Apgar*.

For the respondent, *Henry S. Scovel* and *William T. Boyle*.

The opinion of the court was delivered by

GARRETSON, J.   The relator was a member of the Supreme Lodge of North America, Order of Shepherds of Bethlehem. This supreme lodge, by article 4 of its constitution, is "composed of its officers—that is, commander, vice commander, past commander, scribe, treasurer and founder of the order in North America.   Its incorporators, members of standing committees, one representative from each state lodge for each one thousand members or fraction thereof under its jurisdiction, all past supreme commanders and past state commanders in good standing, prelates over the subordinate lodges under the jurisdiction of this lodge, and one representative from each subordinate lodge under the jurisdiction of this lodge, who shall be past commanders in good standing."   Others are entitled to seats in this lodge without voice or vote.

The relator was a member of the supreme lodge by virtue of being a past supreme commander and one of the incorporators of the supreme lodge.

In addition to the supreme lodge there were also subordinate lodges composed of those duly proposed and initiated according to the laws of the supreme lodge of the order. The relator was also a member of subordinate lodge, Alpha No. 1.

Under date of November 3d, 1900, George C. Lane, member of the supreme and of Rising Star No. 5 from the State' of New Jersey, did present to the board of officers of the supreme lodge, charges against the relator of slander of the said George C. Lane. A special session of the officers was called to act on these charges, and on December 5th, the board of officers found the relator not guilty. On the same date—December 5th, 1900—the same charges in substance, except only that the slander was said to have been uttered at the fourth annual session of the F. B. A., instead of on the fifth annual session of the supreme lodge, were made, and on the 17th of December, 1900, fixed as the day for trial. Upon that day three members of the board of officers of the supreme lodge, which, by the constitution, consisted of six members, tried the relator and decided that she "be suspended from the order for slandering the members; that the same decision be written and signed by the entire board, to be read when the defendant [relator] is summoned to appear for sentence on January 19th;" and on January 19th, the relator, failing to appear, was expelled from the supreme lodge of the order, and all subordinate lodges were notified of this action.

There is no provision in the constitution of the supreme lodge for the trial or expulsion of a member. It cannot be derived from such general language as "that the board of officers shall perform such other duties as the welfare of the order demands that cannot be deferred to the annual session of this lodge." Besides, the trial was conducted, not by the board of officers, but by three officers of a board consisting of six members; and further, the penalty imposed was not only expulsion from the supreme lodge, but from the order itself, and so, necessarily, from the subordinate lodge of which the relator was a member, and in which she had obtained property

rights by reason of her payment of stated sums to the benefit fund.

The constitution of the subordinate lodges, article 16, section 2, prescribes a list of offences for which members of those lodges may be tried, and the form of trial. Article 17, section 1—charges made are to be read by the scribe presumably at a meeting of the lodge, and the commander appoints a committee of five members to try the charges. The scribe shall furnish a copy of the charges on the accused, and the committee shall meet and arrange and fix a time and place for the trial and personally give the accused notice thereof ten days in advance. The committee hear the evidence and reduce it to writing and have it signed by the witnesses. When the evidence is all in the committee forms its decision and presents it to the lodge, with the evidence, at its next session. This decision is final, if no exceptions be taken from it to the lodge, unless it involves suspension or expulsion. At the end of section 1 of article 17 is this clause: "A member of a state or the supreme lodge can only be tried by that body in connection with offences committed in matters pertaining to those bodies." If this clause makes the whole article applicable as a regulation of the supreme lodge, then clearly the relator was not proceeded against in the manner prescribed by the rules of the order.

It appears that the person claimed to be slandered by the relator was a fellow member of the grand lodge, but a member of a different subordinate lodge, and it would seem that the slanderous words spoken were of the person making the charge at an annual session of the grand lodge, at which he was a candidate for an office of the grand lodge, and so apparently an offence committed in a matter pertaining to that body.

If, by any possibility, it could be claimed that the general language of the constitution of the grand lodge gave the board of officers of that lodge the right to entertain complaints of the character charged and expel a member guilty of the charge, the board of officers did not act; the action of three of a board of six, the three who act being the only ones present, cannot be regarded as the action of the board. If

the proceeding for the trial of offences pertaining to the grand lodge is to follow those for the trial of offences pertaining to the subordinate lodges, then, in no particular, have those proceedings been followed.

It is claimed by the respondent that the relator is not entitled to a *mandamus* because she had a right to an appeal, and we are referred to article 18, section 1 of the constitution of subordinate lodges, which states that an appeal runs to the supreme lodge from the decision of the supreme commander, but the action complained of in this case is not the action of the supreme commander, but what was claimed to be a decision of the board of officers of the supreme lodge.

Section 3 of article 1 of the constitution of the grand lodge provides that the grand lodge "shall also be the tribunal to which final appeal shall be made on all matters of importance emanating from state or subordinate lodges." The mere reading of the above article shows clearly that it does not apply to the action in this case, and there nowhere appears either in the constitution of the grand or subordinate lodges any right of appeal from such action as was taken in this case.

The *mandamus* should issue.