State ex rel. Burg v. Milwaukee Medical College, 128 Wis. 7.

THE STATE EX REL. BURG, Respondent, vs. MILWAUKEE
MEDICAL COLLEGE and others, Appellants.

*February 6—April 17, 1906.*

Mandamus: *Private corporations: Enforcement of contract.*

*Mandamus* will not lie to compel a private corporation to perform
its obligations resting solely on contract with an individual.
So *held* as to the contract of a medical college to grant its
diploma to one completing the course of instruction and com-
plying with certain conditions.

State ex rel. Burg v. Milwaukee Medical College, 128 Wis. 7.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Reversed.*

This is an appeal from a judgment of the circuit court for Milwaukee county awarding a peremptory writ of *mandamus* commanding the appellant to issue to respondent a diploma of graduation from the dental department of the *Milwaukee Medical College*. The facts set up on petition for writ, so far as material, are substantially to the effect that the appellant *Milwaukee Medical College* is a corporation organized and existing under the laws of the state of Wisconsin and particularly ch. 86, Stats. 1898, and the acts amendatory thereto; that said corporation was organized, among other things, to conduct and maintain a medical college for the purpose of teaching medicine, surgery, and dentistry, with power to issue diplomas and confer degrees upon graduates of said college, and that said corporation has maintained and conducted a dental college; that the defendants *Earles* and *Hill* are and were president and secretary during the times mentioned; that in 1902 the appellant *Milwaukee Medical College* represented and advertised that all persons received as students, who should complete the course prescribed for its dental department, should be entitled to and should receive a degree of doctor of dental surgery, and receive a diploma certifying that such attainments had been achieved as entitled persons holding such diplomas to enter upon the practice of dentistry in the state of Wisconsin, or elsewhere according to law, and that, upon receiving such diploma, students would thereupon be entitled to receive a license without further examination; that said appellant college gave out and advertised in the summer of 1902 that it was a member of the National Association of Dental Faculties and regulated in accordance with its rules, which rules provided for preliminary educational requirements beginning with the sessions of 1902 and 1903, which should be a certificate of entrance into the third year of a high school or its equivalent; that said appellant *Milwau-*

*kee Medical College* gave out and advertised during the summer of 1902 that it subscribed to the rules governing the conduct of dental colleges in the state of Wisconsin adopted by the board of dental colleges, and that entrance requirements might be completed during the first year; that the diploma of appellant is of great pecuniary value and entitles the possessor to a license from the Wisconsin state board of dental examiners, and to the right to a lawful practice of a lucrative profession; that on October 3, 1902, in accordance with the requirements of admission, the petitioner matriculated as a regular student of the dental department and paid the matriculation fees required; that he expended time and money, paid his fees with the agreement and understanding that, upon completion of the full college course in compliance with the rules of the college and passing final examinations at the close of the college course, the appellant would give petitioner, and petitioner would receive from said corporation, a diploma conferring the degree of doctor of dental surgery; that since October 3, 1902, and up to and including the time of final examinations in May, 1905, petitioner was and continued to be a regular student and performed all the work for the full three years' course and regularly and successfully passed all final examinations required and is legally entitled to receive a diploma from appellant, and has demanded the same, and said appellant has refused and does, without reason or excuse, refuse to issue such diploma; that prior to October 4, 1902, one Hesse was special dental examiner, duly appointed by the board of dental examiners of the state of Wisconsin, and that between October 4 and 11, 1902, petitioner attended examinations conducted by said Hesse, but subsequent thereto was informed that he had failed to pass said examinations, but, relying upon the representations made by the appellant, proceeded to complete his entrance requirements, and did thereafter during the first year of his attendance complete said requirements, and in December, 1902, January and

State ex rel. Burg v. Milwaukee Medical College, 128 Wis. 7.

April, 1903, made application to the college and to said Hesse for re-examination as to his qualifications, which requests were refused, and thereafter petitioner applied to the county superintendent of Green Lake county, Wisconsin, and duly and satisfactorily passed examinations and on April 8, 1903, received from said superintendent a teacher's second-grade certificate, which is equivalent to the preliminary educational requirements of entrance under his contract at the time he matriculated; that said certificate was accepted by appellant as satisfactory evidence that he had duly completed his entrance requirements during the first year; that said petitioner was directed by appellant to present said certificate to said Hesse as state dental examiner, but said Hesse refused to consider or examine it; that before petitioner matriculated the appellant was a member of the National Association of Dental Faculties and conducted in accordance with its rules, and that under such rules it was the custom to allow students who might be deficient in entrance requirements to complete the same during the first year of attendance; that advertisements and representations made and contained in the catalogue of appellant college in the year 1902 and prior thereto were made and published with the knowledge, notice, and acquiescence of the board of dental examiners, and that with such knowledge said board licensed to the practice of dentistry in the state of Wisconsin students graduated from said *Milwaukee Medical College* who had, to the knowledge of said board and said college, completed their entrance examinations during the first year of attendance, and that said board of examiners at various times prior to October, 1902, and on the 15th of June, 1903, with knowledge of such facts recognized and declared said *Milwaukee Medical College* a reputable dental college; that said appellant is a reputable dental college in the judgment of the board of dental examiners, and, upon presentation of diplomas and payment of fees, the regular graduates are duly licensed to practice dentistry in the state

17]        JANUARY TERM, 1906.        11

State ex rel. Burg v. Milwaukee Medical College, 128 Wis. 7.

of Wisconsin, and that upon the issuance of a diploma of graduation and presentation thereof, together with the required fee, to the board of dental examiners, a license will be duly issued to petitioner; that all matters requiring the exercise of discretion upon the part of the appellant relative to granting such diploma have been passed upon and decided in favor of petitioner; that the relief sought does not call for the exercise of discretion, but for the performance of a ministerial act.

The return substantially admits the allegations of the petition, but avers that on October 1, 1902, the defendants received notice from the state board of dental examiners that the rule or custom theretofore existing permitting students to make up any deficiencies in entrance qualifications during the succeeding twelve months was abrogated, and would no longer be recognized, and that at or about the time of the matriculation of said petitioner in the dental department of appellant college, or very soon thereafter, he was notified of such change of rule, and that he, nevertheless, insisted upon continuing in said college and in pursuing said college course; that in March, 1905, defendants received notice from the state board of dental examiners that the petitioner, on account of his failure to comply with the rule relative to entrance qualifications, should not be graduated and should not be granted a diploma, and that he should receive no credit for his first year's work in said dental department of appellant college; that in refusing said diploma defendants have complied with and followed the requirements of the state board of dental examiners for the state of Wisconsin.

The case was tried by the court and the facts found substantially as alleged in the petition and return, and judgment ordered against the appellant awarding a peremptory writ of *mandamus,* which was issued.

For the appellants the cause was submitted on the brief of *Fiebing & Killilea.*

For the respondent there were briefs by *Theodore Kron-shage, Jr.,* and *Timlin & Glicksman,* and oral argument by *W. H. Timlin.*

The following opinion was filed February 23, 1906:

KERWIN, J.   It appears from the record that the ground of petitioner's action is that he contracted with appellant *Mil-waukee Medical College* for a course in the dental department of its college and completed the prescribed course, paid the required fees, and performed all the conditions of the contract on his part to be performed, and under the terms of his contract with the appellant and the performance thereof he became entitled to a diploma, and that the appellant refused to deliver the same to petitioner.   The case made is clearly one of breach of contract, and the question arises whether *man-damus* will lie to compel a private corporation to perform its contract.   This question was not discussed by counsel in their briefs or upon oral argument, so we are without the valuable aid which investigation and discussion by counsel would afford.   *Mandamus* is a remedy only to be applied in extraordinary cases where there is no other adequate remedy.   Where the applicant has an adequate remedy by action the writ will not be awarded.   *State ex rel. Buchanan v. Kellogg,* 95 Wis. 672, 679, 70 N. W. 300; *Clarke v. Hill,* 132 Mich. 434, 93 N. W. 1044; *King v. London A. Co.* 1 Dowl. & R. 510; Wood, Mandamus, 1; Shortt, Mandamus, 233.   It is granted usually for public purposes to compel the performance of a public duty imposed by law.   It has been said that "it is used only in extraordinary cases, and where the usual and ordinary modes of proceeding and forms of remedy are powerless to afford redress to the party aggrieved, and where without its aid there would be a failure of justice." High, Extr. Leg. Rem. (3d ed.) § 5.   The writ of *mandamus* lies to compel the performance of a public duty prescribed by statute, and to keep subordinate and inferior bodies and

tribunals exercising public functions within their jurisdiction, and to compel in proper cases the performance of specific duties imposed by law. *State ex rel. Wis. T. Co. v. Janesville St. R. Co.* 87 Wis. 72, 79, 57 N. W. 970; *State ex rel. Buchanan v. Kellogg, supra; State ex rel. Hawley v. Polk Co.* 88 Wis. 355, 60 N. W. 266; *State ex rel. Cuppel v. Milwaukee C. of C.* 47 Wis. 670, 3 N. W. 760; *State ex rel. Jacquith v. Wis. C. R. Co.* 123 Wis. 551, 102 N. W. 16; *State ex rel. Bergenthal v. Bergenthal,* 72 Wis. 314, 39 N. W. 566; *State ex rel. Fourth Nat. Bank v. Johnson,* 103 Wis. 591, 79 N. W. 1081; *State ex rel. Coffey v. Chittenden,* 112 Wis. 569, 574, 88 N. W. 587; *Kennedy v. Board of Ed.* 82 Cal. 483, 22 Pac. 1042; *People ex rel. Union Ins. Co. v. Nash,* 47 Hun, 542; Shortt, Mandamus, 228; Wood, Mandamus, 5; High, Extr. Leg. Rem. (3d ed.) § 320f.

It seems, however, to be well settled that duties imposed upon corporations, not by virtue of express law or by the conditions of their charters, but arising out of contract relations, will not be enforced by *mandamus.* The authorities in England and this country appear to be quite uniform to this effect. *King and Wheeler,* Cases temp. Hardw. 99; *Ex parte Robins,* 7 Dowl. Prac. Cas. 566; *King v. Mayor,* 2 Term R. 259; *King v. Bank of England,* 2 B. & Ald. 620; *Queen v. Orton,* 14 Q. B. 139; *Benson v. Paull,* 6 El. & Bl. 273; High, Extr. Leg. Rem. (3d ed.) §§ 25, 321; *People ex rel. Union Ins. Co. v. Nash, supra; State v. Rep. R. B. Co.* 20 Kan. 404; *People ex rel. Nat. C. Co. v. Dulaney,* 96 Ill. 503; *Tobey v. Hakes,* 54 Conn. 274, 7 Atl. 551; *State ex rel. Poyser v. Trustees,* 114 Ind. 389, 16 N. E. 808; *State ex rel. Mt. P. C. Co. v. P., N. & N. Y. R. Co.* 43 N. J. Law, 505; *State ex rel. Rosenfeld v. Einstein,* 46 N. J. Law, 479; *State ex rel. New Orleans v. N. O. & N. E. R. Co.* 42 La. Ann. 138, 7 South. 226; Shortt, Mandamus, 231; Merrill, Mandamus, § 16; *State ex rel. Board v. Zanesville & M. T. Co.* 16 Ohio St. 308; *State ex rel. Bohannon v. County Court,* 39 Mo.

375; *Storer Post No. 1 v. Page,* 70 N. H. 280, 47 Atl. 264; *People ex rel. Coppers v. Trustees,* 21 Hun, 184, 195. In High, Extr. Leg. Rem. (3d ed.) § 25, in speaking of *mandamus* it is said:

"It is not, therefore, an appropriate remedy for the enforcement of contract rights of a private or personal nature; and obligations which rest wholly upon contract, and which involve no question of trust or of official duty, cannot be enforced by *mandamus.* A contrary doctrine would necessarily have the effect of substituting the writ of *mandamus* in place of a decree for specific performance, and the courts have, therefore, steadily refused to extend the jurisdiction into the domain of contract rights."

From the foregoing cases and many others which might be cited it seems clear that *mandamus* will not lie to compel a private corporation to perform its contract with an individual. In *State ex rel. Poyser v. Trustees,* 114 Ind. 389, 396, 16 N. E. 811, the court said:

"Duties imposed on a corporation, not by virtue of express law, nor by the conditions of its charter, but arising wholly out of contract relations, will not be enforced by *mandamus,* since the use of such writ is limited to the enforcement of obligations imposed by law. Where the duties of a corporation, or of its trustees, grow out of or result from matters of contract, writs of mandate will not lie against the corporation or its trustees, either in their corporate capacity or as individuals, to compel the performance of the contract, but the party aggrieved will be left to the ordinary remedies, either at law or in equity."

In the case before us the liability of the appellant college rested solely on contract between it and the petitioner. If the petitioner was entitled to his diploma and an action for damages was not adequate he could compel specific performance. This was an adequate remedy. *Clarke v. Hill,* 132 Mich. 434, 93 N. W. 1044; *State ex rel. Mt. P. C. Co. v. Paterson, N. & N. Y. R. Co., supra; King v. London A. Co.* 1 Dowl. & R. 510; *Tobey v. Hakes, supra; People ex rel.*

*Coppers v. Trustees, supra.* If *mandamus* will issue to enforce the performance of the contract between petitioner and appellant, no reason is perceived why it will not lie in any case by a person to enforce a contract with a private corporation. It is very clear that the writ of *mandamus,* either in England or in this country, was never designed for such purpose. It follows from the undisputed facts that the petitioner was not entitled to a writ of *mandamus,* and therefore the judgment must be reversed and the writ quashed.

*By the Court.*—The judgment below is reversed and the writ quashed.

Upon a motion for a rehearing counsel for respondent contended, *inter alia,* that the decision in this case is inconsistent with the decisions in *Oconto City W. S. Co. v. Oconto,* 105 Wis. 76, 89, 90, and *State ex rel. Grady v. C., M. & N. R. Co.* 79 Wis. 259, 262, 263. The existence of an equitable remedy is not a sufficient answer to an application for *mandamus.* There must be an adequate specific legal remedy. *Hardcastle v. M. & D. R. Co.* 32 Md. 32, 35; *People ex rel. La Grange v. State Treasurer,* 24 Mich. 468, 477, 478; *Comm. ex rel. Thomas v. Allegheny Co. Comm'rs,* 32 Pa. St. 218, 223; *People ex rel. Moulton v. Mayor,* 10 Wend. 393; *State ex rel. Richards v. Sneed,* 105 Tenn. 711, 58 S. W. 1070; *Slemmons v. Thompson,* 23 Oreg. 215, 31 Pac. 514, 517; *Durham v. Monumental S. M. Co.* 9 Oreg. 41. The relator's right did not rest wholly in contract. The diploma would entitle him (under sec. 1410*h,* Stats. 1898) to a license to practice dentistry. The fact that the corporation is a private corporation, so called, has never been considered any defense to the writ of *mandamus* if such private corporation is authorized to issue a certificate which confers a certain status or franchise upon its recipient. *People ex rel. Bartlett v. Medical Society,* 32 N. Y. 187; *Board of Ed. v. State,* 100 Wis. 455; *State ex rel. Graham v. Chamber of Commerce,* 20 Wis. 63; *State ex rel.*

State ex rel. Burg v. Milwaukee Medical College, 128 Wis. 7.

*Cuppel v. Chamber of Commerce,* 47 Wis. 670; *Jackson v. State,* 57 Neb. 183, 42 L. R. A. 792; *People ex rel. Cecil v. Bellevue Hosp. Med. College,* 14 N. Y. Supp. 490, affirmed 128 N. Y. 621, 28 N. E. 253. A right resting in contract cannot, as a general thing, be enforced by *mandamus;* but where the contract gave the relator the right to come within the class entitled to enforce the performance of a legal duty, and that legal duty determines the status or is of the nature of a privilege, it can be no objection to enforcing such duty that the relator brought himself within the class of persons entitled to enforce it by making a contract. *Whalen v. La Crosse,* 16 Wis. 271; *State ex rel. G. B. & M. R. Co. v. Jennings,* 48 Wis. 549; *State ex rel. White v. Winn,* 19 Wis. 304; *State ex rel. Sloan v. Warner,* 55 Wis. 271; *People ex rel. Adams v. Goss & P. Mfg. Co.* 99 Ill. 355; *State ex rel. Koons v. First Nat. Bank,* 89 Ind. 302; *Hair v. Burnell,* 106 Fed. 280; *State ex rel. Jennings v. Supreme Lodge* (N. J.) 50 Atl. 581; *American W. W. Co. v. State,* 46 Neb. 194, 30 L. R. A. 447; *Richmond R. & E. Co. v. Brown,* 97 Va. 26, 32 S. E. 775. In any event the case should not be thrown out of this court on the court's own motion upon a mere question of practice not involving the jurisdiction of the court, after the case was submitted on its merits and without objection of this kind. *Buffington v. Bardon,* 80 Wis. 635, 640; *Creager v. Wright School Dist.* 62 Mich. 101, 28 N. W. 794; *State ex rel. Abernethy v. Moss,* 13 Wash. 42, 42 Pac. 622; *Jessup v. Carey,* 61 Ind. 584; *State ex rel. Ordway v. Smith,* 11 Wis. 65; *State ex rel. Buchanan v. Kellogg,* 95 Wis. 672; *Fuller v. Trustees,* 6 Conn. 532, 544.

The motion was denied April 17, 1906.