ARTHUR M. BROWN, STATE'S ATTORNEY
ex rel. Thomas A. Cassara
vs.
CECIL P. CAULKINS

Superior Court      New London County      File #12850

MEMORANDUM FILED JULY 11, 1938.

Morris Lubchansky, of New London, for the Plaintiff.

Thomas E. Troland, of New London, for the Defendant.

SIMPSON, J. This is a proceeding to require Cecil P. Caulkins, as secretary of the American Ordnance Corporation, a Delaware corporation having its principal office and place of business in New London, to transfer certain shares of stock to the relator.

This demurrer to the alternative writ of mandamus raises the question whether a writ of mandamus will lie to require the performance of such an act.

This question was directly decided in the negative in the case of Tobey vs. Hakes, 54 Conn. 274, wherein it was held that a writ of mandamus would not issue to compel the secretary of a private corporation to allow a stockholder to transfer his stock on the books of the corporation and to issue a certificate therefor. This was upon the theory that a writ of mandamus never lies to compel the execution of a private right or a right resting upon private contract.

The relator claims that the Tobey case should be overruled and has in effect been overruled by the case of Bassett vs. Atwater, 65 Conn. 355, decided some eight or nine years subsequent to the Tobey case.

The Bassett case was an application for the issuance of a writ of mandamus to require the president and secretary of a corporation to call a special meeting of the stockholders of the corporation. A petition had been presented to the president and secretary to call the special meeting by the required num-

ber of stockholders, and was in every way in compliance with the by-laws of the corporation. A statute also provided the manner in which special meetings of private corporations should be called. A careful reading of this case discloses that the Court, among other things, held that the petitioners had no other adequate remedy at law, and that when the proper number of stockholders petitioned the president and secretary in a form prescribed by the statute it became the imperative duty of the president and secretary to give the prescribed notice for calling the meeting. These considerations differentiate the Bassett case from the Tobey case. In the Tobey case as well as in the instant case, there was and is an adequate remedy at law or equity, and moreover there is no statute involved making it the duty of the secretary to transfer the stock.

It is interesting to note that the Tobey case was decided by Andrews, J., as Judge of the Superior Court, and that the decision in the Bassett case was written by Andrews as Chief Justice of the Supreme Court. The Tobey case was cited by counsel for the respondents in the Bassett case and it is reasonable to suppose that if Andrews as Chief Justice intended or thought he was overruling or modifying Andrews of the Superior Court, he would have made some comment upon that fact.

As the law in this State is to be determined by the Tobey case, the demurrer must be sustained. Moreover this is in accordance with the weight of authority. 3 L.R.A. 265 (Note); 48 L.R.A. (N.S.) 847, 848 (Note); 13 Am. Jur. Corporations, §371; *Stackpole vs. Seymour*, 127 Mass. 104.

The demurrer is sustained.