State ex rel. Ordway vs. Smith, Mayor, &c.

---

## STATE ex rel. ORDWAY vs. SMITH, MAYOR, &c.

### APPEAL FROM CIRCUIT COURT, DODGE COUNTY.

, Heard January 12.]              [Decided May 4, 1860.

*Common Council—Education, Board of—Mandamus.*

A mandamus will lie against the common council of the city of Beaver Dam, to compel them to raise by taxation the necessary and proper amount for educational purposes, designated by law, when the same has been determined by the board of education of the city.

State ex rel. Ordway vs. Smith, Mayor, &c.

The common council of the city cannot revise the action of the board of education, nor refuse to carry out the recommendations of the board in determining the proper and necessary amount for educational purposes, so long as the board act within the provisions of the charter.

A county judge may make the order requiring a party to show cause before the circuit court, why a peremptory writ should not issue.

An application for a mandamus may be made by the clerk of the board of education of a city, on behalf of the board.

This action was commenced by David S. Ordway, clerk of the board of education of the city of Beaver Dam, against E. P. Smith, the mayor, and the common council of the city, to compel them to raise, by taxation, $3,840 for educational purposes in that city. The amount was asked for by the board by the following resolutions:

"*Resolved*, That the common council be asked to appropriate $1,000 for the purchasing or hiring of suitable grounds and building suitable buildings for the further accommodations of the scholars in this city in the primary departments, said money to be used and appropriated for such purpose by the board of education, as they may judge and deem proper.

"*Resolved*, That the common council be asked to appropriate the sum of $2,140 for teachers' wages in the common schools of this city, for the school year, commencing September, 1859.

*Resolved*, That we recommend the raising, and that the common council be asked to appropriate and raise the sum of $250 for rent of school rooms, for school year, commencing September, 1859.

"*Resolved*, That the common council be asked to raise, and that we recommend the raising and appropriation of the sum of $200 for fuel for the schools of this city, for school year commencing in September, 1850.

"*Resolved*, That the common council be asked to raise and appropriate the sum of $50 for insurance for the school year 1859, on school houses.

"*Resolved*, That we recommend the raising, and that the common council be requested to raise and appropriate the sum of $200 for contingent expenses for current school year, commencing in September in 1859."

Copies of which had been served upon the mayor and common council, who had refused to make the appropriation or to raise the tax necessary therefor.

On the hearing before the circuit judge, a peremptory writ was granted, from which the mayor, &c., appealed.

*R. Judson,* for the appellant.

*D. S. Ordway, in person,* for the respondent.

*By the Court,* COLE, J.   We think the order of the circuit court, awarding a peremptory mandamus against the appellants must be affirmed.   The charter of the city of Beaver Dam in effect requires that the city council shall raise by taxation, in addition to the amount of school moneys appropriated or provided by law for common schools in said city, such sums as may be determined and certified¹ by the board of education to be necessary and proper for the educational purposes therein designated.   See section 9, chap. 2 city charter.   The charter vests in the board of education the power of determining, within its limitations, the sums, in their opinion, necessary to be raised under this section. ¡ In the present case the board, keeping themselves within the limitations of the charter, determined and certified what sums were required for the purposes therein mentioned, and the common council should have provided to raise these various amounts of taxation.   The common council could not revise the action of the board, or refuse to carry out their ¡recommendations, so long as the board kept within the provisions of the charter.   It is contended that when the board determine and certify to the city council the sums in their opinion necessary to be raised under the ninth section of chapter two, that the charter also requires that they shall specify the sums demanded for each of the purposes therein mentioned, " with the reason therefor," and that unless their reasons are given, the council may disregard the action of the board, or refuse to carry out their recommendations.   The board did state specifically the amount necessary to be raised for teachers wages, for rent of

school rooms, for fuel, for insurance, and for contingent expenses for the current school year, and this, we think, was sufficient.

The printed case shows that this action was commenced by an order granted by the county judge for Dodge county, requiring the appellants to show cause why a peremptory mandamus should not be issued by the circuit court. The application was heard by the circuit court on the original affidavit made by the relator as clerk of the board of education, and the facts stated in the affidavit clearly show that the relief sought should be granted by the court. The objection that the application should have been made by the board of education, and not by the clerk alone, appears to be taken now for the first time in this court, and ought not to prevail.

The order of the circuit court granting a peremptory writ of mandamus, must therefore be affirmed.