STATE BANK OF FLORENCE, Respondent, vs. SCHOOL DISTRICT No. 1 OF THE TOWN OF TIPLER, Appellant: STATE BANK OF WABENO, Garnishee.

*December 4, 1939—January 16, 1940.*

*Edward W. Schenk* of Wabeno, for the appellant.

For the respondent there was a brief by *Sells & Sells* of Florence, and oral argument by *Arthur M. Sells*.

FRITZ, J.   Subsequent to plaintiff's recovering judgment in a circuit court action against the defendant, School District No. 1 of the Town of Tipler, a copy of the judgment was filed by plaintiff pursuant to sec. 66.09 (1) and (2), Stats.   The clerk of the town duly spread the judgment on the tax rolls of the town, but the town treasurer was unable to collect sufficient funds to pay any part of the judgment. Thereupon the plaintiff made a motion under sub. (3) of sec. 66.09, Stats., in the court in which the judgment was entered for an order granting leave to the plaintiff for the issuance of process for the collection of the judgment.   The court granted that motion and ordered its clerk to issue an execution against all property of the defendant.   Upon the issuance of the execution, garnishment proceedings in aid thereof were commenced and resulted, as stated above, in the judgment from which the School District appealed.   In support of its appeal, the appellant contends (1) that its public funds are not subject to garnishment because of the rule at common law that the "public policy which exempts the government and its agencies from garnishee process forbids the use of garnishee process to divert public funds from the purpose to which they have been appropriated by law" (28 C. J. p. 128, § 168; note in 89 A. L. R. p. 864) ; and (2) that garnishment proceedings in aid of execution against a municipal corporation are not authorized under the provisions in sub. (3) of sec. 66.09, Stats.

The latter contention cannot be sustained. Under subs. (1) and (2) of sec. 66.09, Stats., a creditor who has recovered "a final judgment for the payment of money" by a school district "may file . . . a certified transcript of such judgment, . . . together with his affidavit of payments made, if any, and the amount due thereon" with the clerk of the town in which the district lies, "and thereupon the amount so due, with costs and interest . . . shall be added to the next tax levy" made against the taxable property of the district, "and shall, when received, be paid to satisfy such judgment." In addition it is provided in sub. (3) of sec. 66.09, Stats., that "no process for the collection of such judgment shall issue until after the time when the money, if collected upon the first tax levy as herein provided, would be available for payment, and then only by leave of court upon motion." Thus by statutes, which provide first the steps to be taken for raising money to pay a judgment with money collected upon a tax levy, and then the step to be taken upon leave of the court upon motion by the issuance of process for the collection of the judgment after the time when the money if collected would be available for payment, the common-law policy exempting municipal corporations from process to enforce collection of a judgment has been changed by legislation. With the change thus effected in public policy, it logically follows that there have become applicable, upon the issuance of an execution as process for the collection of a judgment against a municipal corporation, the provisions in ch. 272, Stats., relating to levying on property and the seizure of personal property under an execution, as well as the provisions in sec. 267.01, Stats., relating to garnishment in aid of an execution. Under the provisions of subs. (1) and (3) of that statute, any judgment creditor may, after the issuance of an execution against the property of a judgment debtor and before the return of the execution, commence a garnishee action "against any

person (except a municipal corporation) who shall be indebted to or have any property in his possession or under his control belonging to such creditor's debtor, in the cases, upon the conditions and in the manner prescribed in this chapter." (Ch. 267, Stats.) There is nothing in those provisions which exempts a municipal corporation, which is a judgment debtor, from being the defendant against whom garnishment proceedings in aid of execution can be maintained. By reason of the words in parentheses in sub. (1) "(except a municipal corporation)," which define what persons may be garnishees, the meaning of the word "person" is limited so as to exclude a municipality as a garnishee. But that limitation is solely in relation to the "person" indebted to the judgment debtor of the creditor who brings the garnishment action. The fact that there is an express limitation in that respect in the subsection, and none, on the other hand, to exempt a municipal corporation, which is a judgment debtor, as a defendant against whom garnishment proceedings can be maintained in aid of an execution issued upon a judgment against it, warrants the conclusion that such corporations were not intended to be exempt from such proceedings when an execution for the collection of the judgment had been issued upon leave granted under sec. 66.09 (3), Stats.

Likewise, we cannot sustain appellant's contention that sec. 66.09, Stats., merely means that in the event money is collected by a tax levy, it should be applied to the payment of the judgment, and if it is not so applied, the judgment creditor may compel the payment to be made by *mandamus*. There is nothing in sub. (3) of sec. 66.09, Stats., by reason of which leave to have process issue for the collection of a judgment is to be granted by the court only in the event that the money to pay the judgment has actually been collected by the tax levy. Instead, the only limitation in that respect is that such process shall not issue "until after the time when

the money, if collected . . . would be available for payment." As that time had expired before leave was granted to the plaintiff for the issuance of the execution, it was authorized under the statute. Neither is there any basis for appellant's contention that the plaintiff's sole remedy was *mandamus*. Inasmuch as relief by garnishment in aid of execution was available under the statutes to the plaintiff as a judgment creditor, *mandamus* did not lie in view of the rule that "a party will not be entitled to a writ of *mandamus* when he has any other legal remedy." *Savage v. Supervisors of Crawford County,* 10 Wis. *49, *55; *State ex rel. Madison Airport Co. v. Wrabetz,* 231 Wis. 147, 285 N. W. 504, 506; *State ex rel. Burg v. Milwaukee Medical College,* 128 Wis. 7, 106 N. W. 116, 118, 3 L. R. A. (N. S.) 1115, 116 Am. St. Rep. 21, 8 Ann. Cas. 40.

Appellant further contends school funds should not be subjected to garnishment or execution because such funds have a priority over the payment of judgments under the provisions in sec. 74.15 (2), Stats., that "out of the taxes collected the treasurer shall first pay the state tax to the county treasurer, then the equalization tax levied by the county for school purposes, and shall then set aside all sums of money levied for school taxes, then moneys levied for the payment of judgments. . . ." The "treasurer" to whom those provisions are applicable is the town, city or village treasurer, mentioned in sub. (1) of sec. 74.15, Stats. Consequently, the provisions in sub. (2) in relation to priorities are applicable only to payments made by town, city, or village treasurers, and do not prescribe or control the application of moneys after receipt thereof by a school district from such a treasurer. Moreover, there was no proof or finding that the garnisheed funds on deposit in the State Bank of Wabeno came from any particular source or were earmarked for use for any particular purpose. In that respect, the court's finding is merely that "the said garnishee was indebted to and

had in its possession and under its control assets of the principal defendant, School District . . . in the sum of . . . $1,590.96, . . . presently and absolutely due." Furthermore, it appears from the findings in the principal action that the basis for the judgment therein was the School District's indebtedness on nineteen unpaid orders issued by the district, which had been purchased by the plaintiff from the various payees named therein, and in respect to which there is no claim that the orders were not issued for school purposes. Consequently, even if it appeared that the garnisheed funds were part of moneys appropriated, allotted, or paid to the School District under such circumstances that, in view of sec. 40.87 (9), Stats., they were to be used and expended "solely for the school purposes and expenses for which apportioned under the provisions of sec. 40.87," it would not follow that there would be any misapplication by using the money to pay the judgment based on those nineteen orders. It follows that the judgment under review must be affirmed.

*By the Court.*—Judgment affirmed.