NAGLE, Respondent, vs. CLURE, Town Clerk, Appellant.

*October 12—November 10, 1942.*

The cause was submitted for the appellant on the briefs of *Frank W. Carter* of Eagle River and *Bird, Smith, Okoneski & Puchner* of Wausau, attorneys, and *Richard P. Tinkham, Jr.,* of Wausau of counsel, and for the respondent on the brief of *O'Melia & Kaye* of Rhinelander.

WICKHEM, J.   On November 10, 1939, plaintiff had judgment against the town of Cloverland in the sum of $5,063.10. On November 16, 1939, a certified copy of this judgment was

filed with the defendant, together with notice of its entry. The judgment, with costs and interest, up to the time when money would be available to pay the judgment, was entered upon the 1939 tax roll for the town of Cloverland as directed in the judgment. By October 2, 1941, from the proceeds of taxes levied in December, 1939, a total of $3,423.94 was paid plaintiff upon this judgment. The shortage resulted from delinquencies in the payment of taxes. No amount to take care of the deficiency was inserted in the tax roll prepared in December, 1940. On June 18, 1941, an execution was issued for the balance and was returned wholly unsatisfied. On October 14, 1941, plaintiff petitioned for a writ of *mandamus* to require defendant to enter the balance with interest upon the next tax roll. These are the proceedings which terminated in the judgment appealed from. Since the commencement of these proceedings, payments amounting to $851.40 on the balance of $1,639.16 plus interest were paid by the county clerk to plaintiff.

Defendant's principal contention is that the statutory duty of the town clerk is fully, completely, and finally performed by adding the amount necessary to pay the judgment to the tax levy of 1939. Sec. 66.09 (1), Stats., provides that when a judgment shall be recovered against a town the judgment creditor "may file with the clerk thereof a certified transcript of such judgment or of the docket thereof, together with his affidavit of payments made, if any, and the amount due thereon . . . thereupon the amount so due, with costs and interest to the time when the money will be available for its payment, shall be added to the next tax levy, and shall, when received, be paid to satisfy such judgment. . . . If the clerk shall fail to include the proper amount in the first tax levy, he shall include it or such portion as shall be required to complete it in the next levy."

Sec. 66.09 (3), Stats., provides:

"No process for the collection of such judgment shall issue until after the time when the money, if collected upon the

first tax levy as herein provided, would be available for payment, and then only by leave of court upon motion."

Defendant's position is that the sole duty of the town clerk is to add the amount of the judgment to the next tax levy, and that the duty to include the amount in subsequent levies arises only when he has failed to include the proper amount in the first levy. Defendant contends that if the clerk fails to make the levy at all, or makes the levy for the wrong amount, he must include the whole amount or balance in the next levy, but that where he fully discharged his duty at the outset and the failure fully to pay the judgment was caused by tax delinquencies, no duty to include the balances in future levies can be read out of the statute.

We are unable to escape the logic of defendant's position. Sec. 66.09, Stats., provides a scheme for the collection of judgments against municipalities. The essential part of the scheme is that it changes the policy of the common law with respect to process against municipal corporations, and permits such process under conditions specified in the section. That portion of the statute which provides for the filing of a transcript of the judgment and the entry of the amount upon the next tax levy is a condition to the operation of sub. (3) which relaxes the common-law rule as to process. Thus, before the judgment creditor can invoke process for the collection of such judgment (as was done in *State Bank of Florence v. School District,* 233 Wis. 307, 289 N. W. 612) he must file the transcript of the judgment and wait until "after the time when the money, if collected upon the first tax levy . . . would be available for payment." Sub. (3). If the money is not then paid, sub. (3) permits the judgment creditor by leave of court to issue process for the collection of the judgment. For the protection of the town, it is provided that if the clerk shall fail to include the proper amount in the first tax levy, he shall include it, or such por-

tion as should be required to complete it, in the next tax levy. This, however, does not in any way condition or affect the right of a judgment creditor under sub. (3) to have process for the collection of the judgment. It is a fair conclusion that all requirements in respect of levies are for the sole benefit of the municipality, the judgment creditor's right to process being deferred until the town has an opportunity to make a levy, and until such time as the money would normally be available as a result of the levy, but it is strongly to be doubted whether the creditor has any standing to compel the levy, even if it were not made in the first instance. The statutory remedy that is prescribed for his benefit is the privilege which was never granted at common law, of using process to collect his judgment. If the clerk fails to levy, the remedy is sub. (3) of sec. 66.09. If the clerk fails to include the proper amount, this likewise is his remedy. So, also, if the amount properly levied turns out by reason of tax delinquencies to be insufficient to meet the judgment, his remedy is solely under sub. (3).

This view is in accordance with the plain language of the section, and we are unable to discover, and are cited to no principle by which the section could be extended by construction without indulging in judicial legislation.

*By the Court.*—Judgment reversed, and cause remanded with directions to vacate the writ.