IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Herbert L. USOW, Attorney at Law.

Supreme Court

*No. 83–1338–D.   Filed June 20, 1984.*
(Also reported in 349 N.W.2d 480.)

PER CURIAM.   *Attorney disciplinary proceeding; attorney's license suspended.*

The referee in this disciplinary proceeding concluded that Attorney Herbert L. Usow was guilty of unprofessional conduct by continuing to represent both a corporation and one of its stockholders when that multiple employment adversely affected his representation of the corporation, giving the appearance of professional impropriety in the matter, disbursing funds rightfully belonging to the corporation to one of the shareholders, and, in another matter, by engaging in conduct involving dishonesty and misrepresentation, acting in the presence of conflicting interests, and taking his fees without his

client's consent from his client's money held in trust and without giving a proper accounting of client funds. As discipline, the referee recommended that Usow be publicly reprimanded and ordered to pay the costs of this proceeding. We adopt the referee's findings of fact and conclusions of law concerning Usow's misconduct, but that misconduct merits discipline more severe than a public reprimand, namely, a 90-day suspension of Usow's license to practice law.

Usow, who was admitted to practice in 1957 and who practices in Milwaukee, was retained by Marcianelli, one of two equal shareholders in a corporation, to act as corporate counsel in the handling of some collections. The corporation had entered into a five-year lease for office space, which each of the two shareholders personally guaranteed. In the summer of 1979 a dispute arose between the two shareholders which prevented the business from continuing. The other shareholder, Plous, retained a Green Bay attorney to represent his interest in the dispute; Marcianelli retained Usow.

In January, 1980, Usow settled an action on behalf of the corporation in the amount of $3,300, and he proposed to deduct one-third of the settlement as attorney fees and divide the remainder equally between the two shareholders. Plous objected to Usow's proposed distribution of the proceeds because the funds belonged to the corporation and should be applied to corporate obligations, as to some of which he was personally liable as a result of his personal guaranty. Plous, by his attorney, notified Usow by telegram that the settlement proceeds were to be held in trust for the benefit of the corporation. Usow, acting on Marcianelli's instructions but over Plous's objection, released one-half of the net proceeds of the settlement, $1,100, to Marcianelli and the other one-half to Plous. Plous never cashed his check for the

proceeds, and he was subsequently required to personally pay $20,000 on his guaranty of the corporation's lease.

The referee concluded that Usow's representation of Marcianelli, an individual stockholder, as well as the corporation in a dispute with the other principal stockholder constituted simultaneous representation of conflicting interests. He concluded that Usow violated SCR 20.28 by continuing employment for both the corporation and one of the stockholders when that employment adversely affected his representation of the corporation. The referee also concluded that Usow's representation gave the appearance of professional impropriety and that his unilateral disbursement of funds rightfully belonging to the corporation to one of the shareholders worked to the detriment of the corporation, its other stockholder and its creditors.

In the second matter, Usow was retained in June, 1978, by Echols, who had suffered personal injuries and property damage as a result of an auto accident. The other motorist, Chambers, was not insured, and in July, 1978, Usow contacted Echols' insurer, Prudential, putting them on notice of a claim under the uninsured motorist provision of his client's policy. On October 6, 1978, Usow obtained from Chambers an installment agreement, which he subsequently filed with the motor vehicle department, by which Chambers agreed to pay, through Usow as Echols' attorney, $4,625 in $25 weekly installments, commencing October 9, 1978.

In his negotiations with Prudential, Usow obtained a settlement in the amount of $7,110, and he and his client signed a release stating that "no settlement has been made by the undersigned with any person or corporation who may be legally liable . . . and that no such settlement will be made or release given by the undersigned without the written consent of the Company." Prudential did not

learn of Usow's settlement with Chambers until April, 1979, when the Wisconsin Department of Transportation so informed them. When Prudential subsequently contacted Usow concerning the matter, Usow wrote Prudential that he had entered into an agreement with Chambers prior to contacting Prudential and that Chambers had not lived up to the agreement, for which reason he made the claim against the insurer. However, Chambers in fact had made the $25 weekly payments regularly from October 9, 1978, through the end of February, 1979, at which time he was laid off from his job, and he notified Usow that he could not make the payments but would pay what he could. Chambers made irregular payments in April, May and June of 1979, but he was never notified by Usow that he was in default under the terms of the settlement agreement.

On May 21, 1979, Usow wrote to the department of transportation advising that Chambers was in default under the installment agreement and requesting that his driving privileges be suspended. On May 24, 1979, Prudential commenced an action against Chambers under the subrogation rights of its policy with Echols. Although Chambers denied that he had retained Usow to represent him in that action, Usow submitted a notice of retainer and an answer to Prudential's complaint on behalf of Chambers.

On June 21, 1979, Chambers and Usow entered into a stipulation with Prudential providing for the payment of $4,625 to Prudential, and Usow sent Prudential $225 of the money Chambers had paid him under the installment agreement, keeping the balance, $500, as fees for representing Chambers in the matter and "saving his driver's license." Chambers, however, had never agreed to pay Usow any attorney fees, nor could he understand why he was to pay the $4,625 to Prudential, rather than to Usow. Chambers ultimately paid Prudential $5,125,

$500 more than the settlement amount. When he became aware of his overpayment, he attempted to get an explanation from Usow, but Usow did not provide one.

The referee concluded that Usow's conduct in the matter involved dishonesty and misrepresentation, in violation of SCR 20.04(4), and that in his purported representation of Chambers in the lawsuit filed against him by Prudential, Usow acted in the presence of conflicting interests, in violation of SCR 20.28(2), for, prior to that representation, Usow had sought to revoke Chambers' driving privileges and had represented Echols, whose interests were adverse to those of Chambers. The referee also concluded that Usow's unilaterally taking $500 of his client's money held in trust as his attorney fees without Chambers' consent and without giving a proper accounting violated SCR 20.50(2).

Although the Board of Attorneys Professional Responsibility (Board) had argued in the disciplinary proceeding that Usow's misconduct warranted a 90-day suspension of his license, the referee, the Hon. William C. Sachtjen, Reserve Judge, recommended a public reprimand, having considered the suspension sought by the Board "too severe a penalty in light of the circumstances present." The referee noted that Usow had never before been the subject of a disciplinary proceeding and that his violations here were not "flagrant or conscious." The referee suggested that Usow could have negotiated a stipulation with the Board for a public reprimand but, instead, chose to have a hearing to fully develop the facts surrounding his conduct in the two matters and should not be penalized for having exercised his rights under the disciplinary rules for a hearing on the complaint filed against him.

The referee is correct that appropriate discipline for misconduct is in no way related to whether the attorney exercised his procedural rights in the matter. However,

we do not agree that a public reprimand is appropriate discipline for Usow's misconduct in these matters. Unlike the referee, we are not convinced that Usow's misconduct what neither "flagrant" nor "conscious." Usow testified at the disciplinary hearing that he was unsure where his loyalties lay in the corporate matter, whether with the corporation or with his client. This indicates a knowing disregard of an elemental rule of professional ethics that a lawyer may not represent two parties whose interests are conflicting. With regard to the insurance settlement, there is no question that Usow knowingly misrepresented facts to the insurer and concealed the agreement that he had previously reached with the uninsured motorist.

Pursuant to our order, the parties filed briefs on the issue of the appropriateness of the referee's recommended public reprimand as discipline for Usow's misconduct. Significantly, Usow addressed in his brief only the corporate matter, and as to that he merely restated the fact that he had evenly divided the proceeds of a settlement between two stockholders. He did not acknowledge that the proceeds were property of the corporation and therefore available for application to corporate debts. The Board, on the other hand, argued that Usow consciously engaged in dishonest conduct in his dealings with Prudential and the uninsured motorist, and it noted that both the uninsured motorist and the corporate stockholder were financially injured as a result of Usow's misconduct.

The seriousness and extent of Usow's misconduct require that discipline more severe than a public reprimand be imposed. That misconduct warrants the suspension of Usow's license to practice law.

IT IS ORDERED that the license of Herbert L. Usow to practice law in Wisconsin is suspended for a period of 90 days, commencing July 15, 1984.

IT IS FURTHER ORDERED that Herbert L. Usow pay to the Board of Attorneys Professional Responsibility within 60 days of the date of this order the costs of this disciplinary proceeding in the amount of $4,304.08, provided that if the costs are not paid within the time specified, the license of Herbert L. Usow to practice law in Wisconsin shall be suspended until further order of the court.