In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Herbert L. Usow, Attorney at Law.

Supreme Court

*No. 84–1144–D. Filed March 5, 1985.*
(Also reported in 363 N.W.2d 436.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

The referee recommended that the license of Attorney Herbert L. Usow be suspended for 90 days for having failed to make a distribution of proceeds in a divorce proceeding pursuant to a stipulation into which he had entered and for having misrepresented to the court in a civil action that he had retained a private investigator and that the investigator had made a written report concerning the activities of the plaintiff in that action. Attorney Usow stipulated to the allegations of misconduct, and he and the Board of Attorneys Professional Responsibility (Board) stipulated that the misconduct warranted a 90-day suspension of his license to practice law. We agree that a 90-day suspension is appropriate discipline under the circumstances.

Attorney Usow's unprofessional conduct considered in this proceeding had been brought to the attention of the Board while there was pending a disciplinary pro-

ceeding concerning other conduct by Attorney Usow. The Board did not amend its complaint to include the conduct considered in this proceeding but filed a new complaint following the completion of the prior proceeding. In that prior proceeding, Attorney Usow's license to practice law in Wisconsin was suspended for 90 days, effective July 15, 1984, for his having continued to represent both a corporation and one of its shareholders when that multiple employment adversely affected his representation of the corporation, for his having disbursed funds rightfully belonging to the corporation to one of the shareholders, and for having acted in the presence of conflicting interests and having taken his fees from a client's money held in trust without his client's consent and without giving a proper accounting of the funds. *Disciplinary Proceedings Against Usow,* 119 Wis. 2d 255, 349 N.W.2d 480 (1984).

Attorney Usow was admitted to practice law in Wisconsin in 1948 and practices in Milwaukee. In respect to the present disciplinary proceeding, in 1980 Attorney Usow represented a client in a divorce action in which the parties entered into a stipulation concerning the division of marital property, including a specified distribution of the proceeds of the sale of the parties' homestead. Upon receiving the check for the proceeds, Attorney Usow stamped the check with his own endorsement and deposited the funds in his trust account without obtaining the endorsements of his client or his client's former spouse.

Attorney Usow disbursed the proceeds to only some of the persons designated in the stipulation, made no disbursement at all to three creditors listed in that stipulation and applied $407.81 of those proceeds to his attorney fees, even though those fees had not been listed for payment. The client's former husband had not given Attorney Usow permission to apply his share of the sale proceeds as attorney fees, nor had Attorney Usow

asked for that authorization. Further, when Attorney Usow subsequently received another check in the amount of $202.42 from opposing counsel with direction to issue checks to his client and her former spouse in equal amounts totaling the amount of the check, he deposited the check in his trust account and applied the full amount to his attorney fees. The referee concluded that Attorney Usow's conduct violated SCR 20.04 (4).

In another matter, Attorney Usow misrepresented to the court in a civil action that he had retained a private detective to follow the plaintiff and that the detective reported that the plaintiff, who had claimed he was too ill to attend a deposition, had in fact engaged in activities inconsistent with that claim. At a subsequent hearing, Attorney Usow misrepresented to the court that the detective had made a written report but that he would not make it available to opposing counsel because it constituted work product. He did, however, tell the court that he would ultimately produce the report during the trial.

In fact, Attorney Usow had never hired a private detective, and no written report of a private detective had ever been prepared. Attorney Usow's statements concerning the private detective had been made in order to influence the court to assess costs against the plaintiff for failure to appear at a scheduled deposition. The referee concluded that this conduct violated SCR 20.04 (4).

The referee, the Honorable William C. Sachtjen, Reserve Judge, recommended, pursuant to the stipulation of the parties, that Attorney Usow's misconduct warranted a 90-day suspension of his license to practice law. The Board had taken the position that, had the matters considered in this proceeding been before the referee in the prior disciplinary proceeding, an appropriate discipline would have been a six-month suspension of his license.

We accept the referee's findings of fact and conclusions of law, and we agree that a 90-day suspension of Attorney Usow's license to practice law is appropriate discipline.

IT IS ORDERED that the license of Attorney Herbert L. Usow to practice law in Wisconsin is suspended for a period of 90 days, commencing April 1, 1985.

IT IS FURTHER ORDERED that Attorney Herbert L. Usow comply with the provisions of SCR 22.26 concerning the requirements of a person whose license to practice law in Wisconsin has been suspended.

IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Herbert L. Usow pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding in the amount of $709.82, provided that if the costs are not paid within the time specified and absent a showing by Attorney Usow of his inability to pay those costs within that time, the license of Attorney Herbert L. Usow to practice law in Wisconsin shall be suspended until further order of the court.