IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Herbert L. USOW, Attorney at Law.

Supreme Court

*No. 96–3304–D. Filed December 11, 1997.*

(Also reported in 571 N.W.2d 162.)

¶ 1. PER CURIAM. We review the recommendation of the referee that the license of Herbert L. Usow to practice law in Wisconsin be suspended for six months as discipline for professional misconduct. That

misconduct consisted of misrepresenting the amount and date of legal services he provided to a client, failing to hold in trust and separate from his own property funds belonging to that client that he received in connection with her representation, failing to provide that client written notice that he had received property belonging to her, and making false statements of material fact or misrepresentations during the Board of Attorneys Professional Responsibility (Board) investigation into his conduct in this matter. We determine that the recommended license suspension is appropriate discipline to impose for that misconduct, taking into consideration prior similar misconduct for which Attorney Usow has been disciplined.

¶ 2. Attorney Usow was admitted to the Wisconsin bar in 1948 and practices in Milwaukee. He has been disciplined twice previously. In 1984, the court suspended his license for 90 days as discipline for representing both a corporation and one of its shareholders when that multiple representation adversely affected his representation of the corporation, giving the appearance of professional impropriety in the matter, disbursing funds belonging to the corporation to one of the shareholders, engaging in conduct involving dishonesty and misrepresentation, acting in the presence of conflicting interests, and taking his fees without his client's consent from client funds held in trust and without giving a proper accounting of client funds. *Disciplinary Proceedings Against Usow*, 119 Wis. 2d 255, 349 N.W.2d 480. In 1985, the court again suspended his license for 90 days, this time as discipline for failing to make a distribution of proceeds in a divorce proceeding pursuant to a stipulation and for misrepresenting to the court in a civil action that he had retained a private investigator and that the inves-

tigator had made a written report concerning the activities of the plaintiff in that action. *Disciplinary Proceedings Against Usow*, 122 Wis. 2d 640, 363 N.W.2d 436.

¶ 3. Following a disciplinary hearing, the referee in the instant proceeding, Attorney John Decker, made findings of fact concerning Attorney Usow's representation of a client in a divorce action and his conduct during the Board's investigation of it. When the client retained him to represent her in June, 1994, Attorney Usow required and received a $2500 retainer, in return for which he agreed to provide approximately 16.5 hours of legal services, with subsequent services to be charged at a $150 hourly rate. At the time that representation was undertaken, the client was involuntarily committed to a mental health unit as a result of the consequences of a stroke.

¶ 4. In addition to the retainer, Attorney Usow subsequently received funds belonging to the client totaling approximately $1517. Those funds were sent to him in the form of checks that included dividends on the client's investments and support payments from her spouse. Some of those checks were deposited by Attorney Usow or by his office staff into his client trust account and others into his law office account. Attorney Usow had instructed his staff to use her own discretion in determining into which account the checks were to be deposited.

¶ 5. In early October, 1994, the client's condition improved, and she determined that she no longer wanted a divorce but wished to reconcile with her spouse and have the action dismissed. The day following her meeting with him to inform him of that fact, Attorney Usow withdrew the client's funds that remained in his trust account, totaling $719.24, with-

out first having prepared an itemized billing of the services he had rendered. While he had the client's oral consent to apply those funds to his fees, Attorney Usow had prepared no billings up to that point and furnished the client no specific or written accounting of either the receipt of the funds belonging to her or his application of them to her account. In addition, he did not calculate the actual time he had spent on the client's matter so as to accurately inform her of the amount of fees he had earned as of the date of his withdrawal of her funds.

¶ 6. On November 26, 1994, Attorney Usow sent the client a bill in the amount of $4500 for his representation over a period of five months. The bill was not accompanied by any itemized statement of services rendered and did not show any credit for the retainer the client had paid or for her funds Attorney Usow had received and deposited into his law office account or his client trust account.

¶ 7. The following month, the client asked Attorney Usow for a particularized accounting of the hours for which she had been billed and a credit for the retainer she had paid, as well as a listing of all of her property that was in his possession. When that information was not provided, the client made a second request and ultimately met with Attorney Usow in February, 1995. Following that meeting, Attorney Usow signed the stipulation for dismissal of the divorce action that had been prepared by the attorney for the client's spouse and agreed to return the client's treasury bonds in his possession. He delivered those bonds to the spouse's attorney the following day.

¶ 8. On March 1, 1995, Attorney Usow sent the client a copy of his original bill, showing a balance of $4500, but not an itemized statement of services rendered or a credit for the retainer or the client's other

funds he had received. The client then filed a request for fee arbitration, to which Attorney Usow consented. In his answer filed in that arbitration, Attorney Usow stated that his fees for representing the client were $7850 and that he had received only $350 from the client. He attached to that answer what purported to be notes describing his services that indicated he had performed 128.5 hours of service, although the individual items set forth in those notes totaled almost 140 hours. Attorney Usow sent the client a copy of that accounting when he filed it with the arbitration panel.

¶ 9. The arbitration panel determined that Attorney Usow's file records were inadequate to support an award of more than $3525, or 23.5 hours of service. The panel expressed its opinion that Attorney Usow had spent more than that amount of time on the matter but stated that his lack of records made it impossible to determine the actual time spent. The arbitrators specifically did not find that the hours claimed by Attorney Usow had not actually been spent on the client's matter.

¶ 10. The accounting Attorney Usow appended to his answer in the arbitration matter contained duplicative, speculative and inflated charges, due primarily to carelessness and neglect, as well as Attorney Usow's failure to provide adequate supervision of his office staff. For example, the accounting did not identify the person performing specific services, despite the fact that others, including an associate and a law clerk, each of whom had lower hourly billing rates, worked on the matter. Also, the accounting misrepresented the services provided in several respects. It listed three contacts with opposing counsel, but, based on that attorney's contemporaneous records, the referee found that those contacts had not occurred. It set forth that it

was Attorney Usow who had secured the appointment of a guardian ad litem to represent the client, when he had not done so, and that he or members of his office had attended two conferences at the mental health center where the client resided, when in fact no such conferences took place.

¶ 11. The referee concluded that by causing the accounting to be sent to his client and to the fee arbitration panel, Attorney Usow engaged in conduct involving misrepresentation as to the amount and date of legal services he rendered, in violation of SCR 20:8.4(c).[1] The referee also concluded that Attorney Usow's placing client funds in his law office account and sending the client a check drawn on his client trust account when no funds of that client were in that account violated SCR 20:1.15(a)[2] and that by not providing the client written notice of his receipt of funds

---

[1] SCR 20:8.4 provides, in pertinent part:

**Misconduct**

It is professional misconduct for a lawyer to:

. . .

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

[2] SCR 20:1.15 provides, in pertinent part:

**Safekeeping property**

(a) A lawyer shall hold in trust, separate from the lawyer's own property, property of clients or third persons that is in the lawyer's possession in connection with a representation. All funds of clients paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts as provided in paragraph (c) maintained in a bank, trust company, credit union or savings and loan association authorized to do business and located in Wisconsin, which account shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import, and no funds belonging to the lawyer or law firm except funds reasonably sufficient to pay account service charges may be deposited in such an account. . . .

601

belonging to her, he violated SCR 20:1.15(b).[3] The referee concluded, however, that there was no clear and convincing evidence to establish that the hourly rate and the total fee Attorney Usow charged his client in this matter were unreasonable, as the Board had alleged.

¶ 12. In his initial response to the grievance concerning his conduct in this matter, Attorney Usow stated to the Board that he always had given the client written itemizations of the services he had rendered. He subsequently acknowledged that, with the exception of the accounting in which he set forth his notes of the representation, he never provided the client written itemizations of services he claimed to have rendered. The referee concluded that Attorney Usow thus made a false statement of material fact or a misrepresentation in a disclosure in connection with the Board's investigation, in violation of SCR 22.07(2).[4]

---

[3] SCR 20:1.15 provides, in pertinent part:

**Safekeeping property**

. . .

(b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall render a full accounting regarding such property.

[4] SCR 22.07 provides, in pertinent part:

**Investigation.**

. . .

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a

¶ 13. As discipline for that misconduct, the referee recommended that Attorney Usow's license to practice law be suspended for·six months. While noting that there had been no suggestion that Attorney Usow intended to convert any of this client's funds and that he ultimately accounted for all of it, the referee emphasized that the misrepresentations and mishandling of client funds to be held in trust were similar to the misconduct for which he had been disciplined previously.

¶ 14. We adopt the referee's findings of fact and conclusions of law and determine that the recommended six-month license suspension is appropriate discipline to impose for Attorney Usow's professional misconduct established in this proceeding. The serious nature of that misconduct, particularly the potential it created for financial harm to the client, warrants discipline more severe than previously imposed on Attorney Usow for similar misconduct. In addition to that license suspension, we require that Attorney Usow pay the costs of this disciplinary proceeding, as the referee had recommended.

¶ 15. IT IS ORDERED that the license of Herbert L. Usow to practice law in Wisconsin is suspended for a period of six months, commencing January 12, 1998.

¶ 16. IT IS FURTHER ORDERED that within 60 days of the date of this order, Herbert L. Usow pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a show-

request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

ing to this court of his inability to pay the costs within that time, the license of Herbert L. Usow to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 17. IT IS ·FURTHER ORDERED that Herbert L. Usow comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.