DAVY ENGINEERING CO., a Wisconsin corporation, Plaintiff-Respondent,

v.

CLERK OF TOWN OF MENTOR and Town of Mentor, Defendants-Appellants.

Court of Appeals

No. 97–3575. *Submitted on briefs July 2, 1998.—Decided September 3, 1998.*

(Also reported in 585 N.W.2d 832.)

745

On behalf of the defendant-appellant, the cause was submitted on the briefs of *John D. Hibbard* of Eau Claire.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Gerard O'Flaherty* of *Parke O'Flaherty, Ltd.*, of La Crosse.

Before Dykman, P.J., Vergeront and Roggensack, JJ.

DYKMAN, P.J.    The Clerk of the Town of Mentor (Clerk) and the Town of Mentor (Town) appeal from a judgment granting declaratory judgment and a writ of mandamus to Davy Engineering Company. The first issue is whether § 66.09, STATS., allows a town clerk to

impose more than two levies when assessing an amount owed on a judgment.[1] We conclude that the language of § 66.09 requires a subsequent levy when the town clerk fails to assess the full judgment amount in the first levy. The second issue is whether, under existing case law, Davy Engineering was entitled to a writ of mandamus ordering the Clerk to impose additional levies. We are satisfied that mandamus was appropriate in this case. The third issue is whether the amount to be levied under § 66.09 is limited by § 60.77(6)(b), STATS.[2] We conclude that because § 66.09

[1] Section 66.09, STATS., reads, in pertinent part, as follows:

(1)(a)   When a final judgment for the payment of money shall be recovered against a town, . . . [or] town sanitary district, . . . the judgment creditor, or the judgment creditor's assignee or attorney, may file with the clerk of circuit court a certified transcript of the judgment, together with the judgment creditor's affidavit of payments made, if any, and the amount due and that the judgment has not been appealed from or removed to another court, or if so appealed or removed has been affirmed.

(b)   The amount due, with costs and interest to the time when the money will be available for payment, shall be added to the next tax levy, and shall, when received, be paid to satisfy the judgment . . . . If the clerk of circuit court fails to include the proper amount in the first tax levy, he or she shall include it or such portion as is required to complete it in the next levy.

(2)   In the case of . . . town sanitary districts, . . . transcript and affidavit shall be filed with the clerk of the town, village or city in which the district or any part of it lies, and levy shall be made against the taxable property of the district or center.

(3)   No process for the collection of such judgment shall issue until after the time when the money, if collected upon the first tax levy as herein provided, would be available for payment, and then only by leave of court upon motion.

[2] Section 60.77(6)(b), STATS., states that the Commission shall:

On or before November 1 of each year, levy a tax on all taxable property in the district and apportion the tax among the municipalities in which the district is located on the basis of equalized full

specifically addresses levies for the payment of a judgment, it supersedes § 60.77(6)(b). The final issue is whether the Town complied with a June 9, 1989 agreement. We conclude that it did not. Accordingly, we affirm.

### BACKGROUND

On October 7, 1983, the Town Board for the Town of Mentor established the Humbird Sanitary District No. 1 (sanitary district). From 1984 to 1985, the commission for the sanitary district entered into various agreements with Davy Engineering for the planning and construction of a sewer and water system. However, in 1986, the Town Board for the Town of Mentor passed a resolution dissolving the sanitary district.

On April 27, 1987, Davy Engineering submitted a bill for $98,514.08 for its work on the project, but the bill was never paid. In February 1988, Davy Engineering sued the sanitary district and the Town. The suit eventually settled and representatives from Davy Engineering, the Town, and the sanitary district entered into the following agreement on June 9, 1989:

> This is an agreement between the parties to this action to further implement the stipulation for judgment entered herein against the Defendant Humbird Sanitary District No. 1.

---

value, for the purpose of carrying out the provisions of this subchapter. The amount of the tax in excess of that required for maintenance and operation of the district and for principal and interest on bonds or promissory notes may not exceed, in any one year, *one mill on each dollar of the equalized full value of all taxable property in the district*. The commission shall certify in writing to the clerk of every municipality in which the district is located the total amount of tax levied in the municipality.

(Emphasis added.)

    1.  Plaintiff will not charge interest on the amount of its said judgment, except as prescribed by Wisconsin statutes for the accrual of interest in unpaid judgments.

    2.  Plaintiff will never use legal process to collect more than 20% of the original Judgment amount in any one calendar year.

A judgment was entered on June 12, 1989, in favor of Davy Engineering against the sanitary district for $98,514.00.

Pursuant to § 66.09(1)(a), STATS., a certified docket of the judgment was filed with the Clerk on September 29, 1989, along with Davy Engineering's "Affidavit of Creditor." In its affidavit, Davy Engineering claimed that a $11,000 levy should be assessed against the 1990 tax rolls in order to raise funds for the partial payment of its judgment. This amount was consistent with the provision in the June 9, 1989 agreement, in which Davy Engineering promised not to claim more than twenty percent of the judgment amount in any calendar year.

However, the Clerk interpreted § 60.77(6)(b), STATS., as limiting the amount that may be levied in order to satisfy a judgment, and she only imposed a levy for $1,886.60. In 1990, Davy Engineering filed a second "Affidavit of Creditor" for $12,000, along with the remaining balance due on its 1989 claim for $11,000. In its second levy, the Clerk again relied on § 60.77, STATS., and only assessed $1,802.92. The Clerk paid Davy Engineering a total of $3,689.52 of the $23,000 claimed. No further payments were made.

In 1992, Davy Engineering contacted the Town to find out why no further payments had been made on the judgment. A representative for the Town of Mentor stated that, according to § 66.09, STATS., the Clerk was

required to only assess two levies on the tax rolls, and if the judgment was not satisfied by those levies, the creditor would have to pursue other remedies to recover the remaining debt.

In 1996, after further communication failed to resolve the matter, Davy Engineering sued. Davy Engineering asked the trial court to grant summary judgment declaring the rights of the parties under the agreement, the judgment, and § 66.09, STATS. In the alternative, it requested a writ of mandamus ordering the Clerk to comply with § 66.09. The trial court granted Davy Engineering's motion for summary judgment and concluded that the parties were bound by the terms of their June 9 agreement. The Town Clerk and the Town of Mentor appeal.

## DISCUSSION

The first issue is whether § 66.09, STATS., permits a town clerk to impose more than two levies on the tax rolls when assessing an amount owed on a judgment. The Clerk and Town argue that nothing in § 66.09 suggests that the levy process can or should be undertaken more than twice. They argue that the legislature's use of the terms "first levy" and "next levy" should be interpreted as limiting the number of levies to two. In short, they assert that if a creditor makes two claims under § 66.09 for payment of a judgment, and a balance is still owed on the judgment, the creditor may pursue other legal processes for collection of those amounts, but it cannot request that a third or subsequent levy be placed on the tax rolls.

This presents a question of statutory interpretation, which we review *de novo. Hughes v. Chrysler Motors Corp.*, 197 Wis. 2d 973, 979, 542 N.W.2d 148,

149 (1996). The goal of statutory interpretation is to ascertain the intent of the legislature. *MCI Telecomm. Corp. v. State*, 203 Wis. 2d 392, 400, 553 N.W.2d 284, 287 (Ct. App. 1996), *aff'd*, 209 Wis. 2d 310, 562 N.W.2d 594 (1997). Our first inquiry is to the language of the statute. *Id.* If the meaning is clear and unambiguous, our inquiry ends and we apply the language of the statute to facts of the case. *Id.* at 400, 553 N.W.2d at 288. But, if the language is ambiguous, we may examine the scope, history, context, subject matter and purpose of the statute. *Id.*

We start with the language of the statute. The critical language on this issue is in § 66.09(1)(b), STATS. It requires the town clerk to assess the full amount of the judgment in the first levy. If the clerk fails to assess the full amount in the first levy, he or she is required to impose a levy for the balance of the judgment the following year.

■

The Clerk and the Town contend that § 66.09(1)(b), STATS., prohibits a town clerk from making more than two levies, regardless of whether the full judgment amount has been levied. They contend that because the Clerk made two levies, one in 1989 for $1,886.60 and one in 1990 for $1,802.92, she complied with the statute. Such an interpretation, however, directly conflicts with the language of § 66.09(1)(b), requiring that the town clerk assess a levy or levies for the full judgment amount. Interpreting a statute in a manner that would contradict its clear and unambiguous language is absurd. We will not interpret a statute in a manner that leads to an absurd result. *State ex rel. Reimann v. Circuit Court*, 214 Wis. 2d 604, 621, 571 N.W.2d 385, 391 (1997). While the statute may implicitly limit the number of levies to two, it does so in the

context of the explicit requirement that the total amount levied equal the total amount owed on the judgment. We therefore conclude that the Clerk is not prohibited from making a levy for the full amount of the judgment simply because she already has assessed two levies.

The second issue is whether the trial court erred when it issued a writ of mandamus ordering the Clerk to impose additional levies. The Clerk and the Town rely on *Nagle v. Clure*, 241 Wis. 312, 6 N.W.2d 228 (1942), in which the supreme court held that the plaintiff was not entitled to additional levies under § 66.09, STATS. Because the resolution of this issue requires the application of case law to an undisputed set of facts, it presents a question of law that we review de novo. *John v. John*, 153 Wis. 2d 343, 362, 450 N.W.2d 795, 803 (Ct. App. 1989), *cert. denied*, 498 U.S. 814 (1990).

In *Nagle*, the plaintiff received a judgment against the town of Cloverland in the amount of $5,063.10. *Nagle*, 241 Wis. at 312, 6 N.W.2d at 228. The entire judgment amount, with costs and interest up to the time when the money would be available to pay the judgment, was entered upon the town's 1939 tax roll. *Id.* at 313, 6 N.W.2d 228. By late 1941, only $3,423.94 had been paid to the plaintiff. *Id.* at 313, 6 N.W.2d at 229. The deficiency was the result of delinquencies in the payment of taxes. *Id.* And although the proceeds from the first levy were insufficient to satisfy the judgment, the clerk did not impose a second levy on the tax roll for the following year. *Id.*

Later that year, the plaintiff petitioned the trial court for a writ of mandamus requiring the town clerk to impose a levy for the remaining amount with interest on the next tax roll. *Id.* The trial court issued the writ, but the supreme court reversed. *Nagle*, 241 Wis.

at 315, 6 N.W.2d at 230. The court held that the town clerk's sole duty under § 66.09, STATS., was to add the amount of the judgment to the next tax levy, and that the duty to impose an additional levy arises only when the clerk fails to include the proper amount in the first levy. *Id.* at 314, 6 N.W.2d at 229. The shortage in *Nagle* was due to the inability of some residents to pay their taxes, not the town clerk's error in applying the statute. Thus, the supreme court concluded that a writ of mandamus was not appropriate. *Id.* at 315, 6 N.W.2d at 230.

In *dicta*, the court held that a creditor's ability to receive payment for a judgment under § 66.09, STATS., is limited. *Nagle*, 241 Wis. at 314, 6 N.W.2d at 229. It concluded that § 66.09 sets out a procedure that a creditor must follow in order to have its judgment against a municipality satisfied. *Id.* However, if the creditor follows these procedures and the clerk fails to levy, or levies an incorrect amount, § 66.09(3) becomes the creditor's only remaining remedy. *Id.* at 315, 6 N.W.2d 229. Subsection (3) permits the creditor, by leave of court, to issue process for collection of the judgment. *Id.* The court then went on to state the following as to the purpose of § 66.09:

> It is a fair conclusion that all requirements in respect of levies are for the sole benefit of the municipality, the judgment creditor's right to process being deferred until the town has an opportunity to make a levy, and until such time as the money would normally be available as a result of the levy, but it is strongly to be doubted whether the creditor has any standing to compel the levy, even if it were not made in the first instance. The statutory remedy that is prescribed for his benefit is the privilege

which was never granted at common law, of using process to collect his judgment.

*Nagle*, 241 Wis. at 315, 6 N.W.2d at 229.

The Clerk and the Town rely on this language to support their assertions that mandamus is not appropriate in this case. We conclude, however, that this reliance is misplaced. The facts of these two cases are distinguishable. In *Nagle*, the clerk complied with the language of § 66.09, STATS., and levied the full amount of the judgment owed to the creditor in the first levy. *Id.* at 313, 6 N.W.2d 229. It would have made no sense for the *Nagle* court to issue a writ of mandamus ordering the clerk to comply with a statute, because the clerk complied with the statute. Because § 66.09 does not authorize the clerk to impose additional levies in order to compensate for the deficiency of the first levy, the supreme court concluded that Nagle's only remaining remedy was under subsection (3).

In contrast, the town clerk in this case did not comply with § 66.09, STATS. Unlike in *Nagle*, the Clerk in this case did not assess the full judgment amount in the first levy. Instead, the Clerk levied $1,886.60. And rather than assessing a levy for the remaining amount the following year, the Clerk levied $1,802.92. In total, the Clerk levied $3,689.52, which is approximately three and one-half percent of the total judgment amount.

██

We conclude that the trial court properly issued a writ of mandamus in this case. And although we agree that subsection (3) allows a creditor to pursue legal process, such as garnishment or execution, if the judgment is not satisfied through the imposition of these levies, we conclude that subsection (3) should be limited to situations, such as the one presented in *Nagle*,

in which the judgment is not satisfied despite the imposition of a levy or levies by the Clerk for the total amount of the judgment.

The third issue is whether § 60.77(6)(b), STATS., qualifies or limits the amount that can be levied under § 66.09(1)(b), STATS. The pertinent part of § 60.77(6)(b) reads as follows:

> The amount of the tax in excess of that required for maintenance and operation of the district and for principal and interest on bonds or promissory notes may not exceed, in any one year, one mill on each dollar of the equalized full value of all taxable property in the district.

■

The Clerk and the Town interpret this language as limiting the amount that the town clerk can levy under § 66.09(1)(b), STATS. They contend that there is no conflict between the language in § 60.77, STATS., and the language in § 66.09(1)(b) regarding levy amounts. We disagree. Section 66.09(1)(b) requires that the town clerk assess the full amount of the judgment in the first levy. Section 60.77(6)(b), on the other hand, requires an assessment for a small fraction of that amount. If we were to accept the position that § 60.77(6)(b) limits the amount that may be levied under § 66.09(1)(b), then, assuming no significant variations occur in the valuation of the sanitation district's taxable property, it would take the Clerk and the Town more than forty years to pay the judgment, not including interest. We therefore conclude that § 60.77(6)(b) conflicts with § 66.09(1)(b).

■

We have held that, to the extent two statutes conflict, the more specific statute takes precedence over

the more general statute. *Gottsacher Real Estate Co., Inc. v. DOT*, 121 Wis. 2d 264, 269, 359 N.W.2d 164, 167 (Ct. App. 1984). Section 60.77(6)(b), STATS., outlines the general taxing powers of a sanitary district commission. It authorizes the commission to tax the amount required for "maintenance and operation of the district and for principal and interest on bonds or promissory notes," but limits any tax in excess of this amount to "one mill on each dollar of the equalized full value of all taxable property in the district." *See* § 60.77(6)(b). However, it does not address the use of levies for the payment of a judgment. Section 66.09(1)(b), on the other hand, does address this matter. As a result, we conclude that § 66.09(1)(b) takes precedence over § 60.77(6)(b) when determining the levy amount. We further conclude that the Clerk in this case failed to comply with § 66.09, because she only levied $3,689.52 toward the satisfaction of the judgment.

■

The final issue is whether the Town complied with the June 9, 1989 agreement between it, Davy Engineering, and Humbird Sanitary District No. 1. This agreement appears to be a promise by Davy Engineering not to use "legal process" to collect payment of more than twenty percent of the judgment amount in any calendar year. Without such an agreement, the judgment would have been governed by § 66.09, STATS., meaning that the town clerk would have been required to levy the full $98,514.08 judgment amount in 1989.

The Clerk and the Town contend that while the Town did sign the agreement, it was absolved of liability under that agreement when it was dismissed from the action. They argue that Davy Engineering's only remedy against them is through § 66.09, STATS. Because the Clerk assessed two consecutive levies in

1989 and 1990, they contend that they have complied with the statute. However, we have held that the Clerk and the Town have not complied with § 66.09, because § 66.09 required them to assess the full amount of the judgment in 1989, and they failed to do so.

If we were to accept the Clerk's and the Town's argument that they were not parties to the agreement because they were dismissed from the action, then, based on our interpretation of § 66.09, the Clerk would now be required to assess one levy for the remaining amount of the judgment with interest. We are confident that neither the Clerk nor the Town would opt for such a result, and because Davy Engineering has not cross-appealed requesting such a result, we will affirm the trial court's decision to spread out the payments pursuant to the June 9, 1989 agreement.

## CONCLUSION

We conclude that § 66.09, STATS., requires that the town clerk assess the full amount of the judgment in the first levy. Subsequent levies are necessary only if the town clerk fails to assess the full amount in the first levy. Furthermore, this case is distinguishable from *Nagle*, because the Clerk in this case failed to impose levies for the full amount of the judgment as required by § 66.09(1)(b). We therefore conclude that mandamus ordering the Clerk to comply with the requirements of the statute was appropriate. We also conclude that because § 60.77(6)(b), STATS., is a general statute and § 66.09(1)(b) is a specific statute, the latter is not limited by the former. And, finally, we conclude that because the Town is a party to the June 9, 1989 agreement, and the Clerk is authorized by the statute to levy the amount necessary to satisfy the judgment, they are

both bound by the terms of the agreement. Accordingly, we affirm.

*By the Court.*—Judgment affirmed.